## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HENRY GARCIA,

       Petitioner,

v.                                  Case No. 98-CR-81108

UNITED STATES OF AMERICA,

       Respondent.

_____/

### ORDER DENYING PETITIONER'S "MOTION FOR JUDGMENT *NUNC PRO TUNC*"

       Pending before the court is Petitioner's May 19, 2005 "Motion for Judgment *Nunc Pro Tunc*." The United States filed a written response on June 21, 2005 and Petitioner filed a reply on July 7, 2005. For the reasons stated below, the court will DENY the motion.

       On September 30, 1999, this court sentenced Petitioner on count 1 of his indictment, charging that he knowingly and intentionally conspired to possess with the intent to distribute and to distribute marijuana. Subsequent to this court's sentencing, on November 10, 1999, Petitioner was sentenced in state court (on a state drug charge) to a term of seven years and was transferred to the Texas Department of Criminal Justice to serve this sentence. Petitioner alleges that the state court sentence was to run concurrently with his federal sentence. On May 25, 2000, the Petitioner was paroled and released to Federal authorities to serve his federal sentence. Petitioner requests that this court enter a judgment *nunc pro tunc* modifying his September 30, 1999 federal sentence to allow it to run concurrently with his state sentence.

In support of his request, Petitioner relies on 18 U.S.C. § 3584(a), which provides:

> If multiple terms of imprisonment are imposed on a defendant *at the same time*, or if a term of imprisonment is imposed on a defendant *who is already subject to an undischarged term of imprisonment*, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added).

Section 3584(a) sets forth two circumstances where a federal district court may impose its sentence concurrently or consecutively. The first is when "multiple terms of imprisonment are imposed on a defendant at the same time." 18 U.S.C. § 3584(a). In this case, however, the federal sentence was imposed on the Petitioner prior to the state sentence, hence not at the same time.

The second circumstance is when the Petitioner "is already subject to an undischarged term of imprisonment." *Id.* At the time of his federal sentencing, the Petitioner was not already subject to the state sentence, for he entered his guilty plea after his federal sentence was imposed. The Sixth Circuit has held that the statute "does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence." *United States v. Quintero*, 157 F. 3d 1038, 1039 (6th Cir. 1998). The Sixth Circuit has also explained that the statute does not permit district courts to impose a sentence to run *concurrently* with a yet to be imposed state sentence *Id.* at 1040 ("Section 3584(a) only authorizes district courts to impose concurrent or

2

consecutive sentences if the court either imposes multiple terms of imprisonment on the defendant at the same time or imposes a sentence on a defendant who is '*already subject* to an undischarged term of imprisonment.'" 18 U.S.C. § 3584(a)."); *see also United States v. Means,* 124 F.3d 201, 1997 WL 584259, at *2 (6th Cir.1997)).  The court lacks jurisdiction under 18 U.S.C. § 3584(a) to modify Petitioner's federal sentence to run concurrently with his state sentence that was imposed *after* the federal sentence.  Accordingly,

IT IS ORDERED that Petitioner's "Motion for Judgment *Nunc Pro Tunc*" [Dkt. # 97] is DENIED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  July 21, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 21, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522