**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                            Criminal No. 98-CR-81108

HENRY GARCIA

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER 18 U.S.C. § 3585(B)**

Pending before the court is Defendant Henry Garcia's "Section 3585(b) Motion," docketed as a "Motion for Credit for Prior Custody 3585(b)," filed with this court on August 31, 2007. The Government filed a response in opposition to the motion, and Defendant filed a reply in further support of his motion. Having reviewed the pleadings, the court will deny Defendant's motion for the reasons stated below.

On April 8, 1998, Defendant was indicted on a single count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. Defendant entered a guilty plea and, on September 30, 1999, he was sentenced to 135 months of imprisonment. On November 11, 1999, Defendant was convicted and sentenced for marijuana possession in a Texas state court and subsequently served time in a Texas state prison.

Defendant filed a motion under 28 U.S.C. § 2255, which was denied by this court on December 9, 2002. Defendant then filed a motion under 28 U.S.C. § 3584(a), which the court denied on July 21, 2005. Defendant brought his present motion under 18 U.S.C. § 3585 seeking credit for time served in the Texas state prison.

Under 18 U.S.C. § 3585,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The predecessor statute to § 3585 provided, in relevant part, "[t]he *Attorney General shall give any such person credit* toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." Pub.L. 89-465, § 4, 80 Stat. 217 (emphasis added). The omission of the phrase "Attorney General" originally created some doubt as to whether a district court could award the credit. *See United States v. Wilson*, 503 U.S. 329, 332 (1992). Any doubt, however, was resolved by the Supreme Court's holding in *Wilson*.

As the Court stated in *Wilson*, "the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568." *Id.*, 503 U.S. at 334. The Court held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Id.* at 333. The Court went on to hold that a prisoner can only obtain judicial review of the Attorney General's credit computation upon a showing that he or she has exhausted all administrative remedies. *Id.* at 335-36.

In his motion and response to the Government's reply, Defendant avers that he has exhausted his administrative remedies with the Bureau of Prisons such that judicial review over the Attorney General's credit computation is proper. Regardless of whether Defendant has exhausted his administrative remedies, the Eastern District of Michigan

is an improper venue for the resolution of Defendant's motion.

While Defendant labels his motion as a "Section 3585(B) Motion," in substance, the motion is an attempt to attack the execution of his sentence by challenging the computation of his sentencing credit. Such motions are properly construed as petitions for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See, e.g.*, *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Stevenson v. United States*, 495 F. Supp. 2d 663, 665 (E.D. Mich. 2007) (Lawson, J.). "Section 2241 is the appropriate vehicle for a federal prisoner to challenge the manner in which his sentence is executed." *Stevenson,* 495 F. Supp. 2d at 665. However, petitions for habeas corpus under § 2241 must be filed in the district court that has jurisdiction over a prisoner's place of confinement. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).[1] Defendant is confined in a federal prison in Texas. Thus, even if the court were to construe Defendant's motion as a petition under § 2241, the Eastern District of Michigan is an improper venue for the resolution of Defendant's motion. Accordingly,

---

[1] The statute, in part, provides:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

28 U.S.C. 2241(a).

IT IS ORDERED that Defendant's " "Section 3585(b) Motion," docketed as a "Motion for Credit for Prior Custody 3585(b), [Dkt. # 105] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: January 29, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2008, by electronic and/or ordinary mail.

       S/Lisa G. Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522.